UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DANIEL POPEK and JOANNA POPEK,

                Plaintiffs,

          - against -

WELLS FARGO BANK, N.A.; UNION CENTER
NATIONAL BANK; CALIBER HOME LOANS;
and JOHN DOES 1 THROUGH 10,

                Defendants.
------------------------------------------------------------------X

ORDER ADOPTING
REPORT AND RECOMMENDATION
15-CV-6573 (RRM) (VMS)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiffs Daniel Popek and Joanna Popek commenced this action through counsel on November 16, 2015 against defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Union Center National Bank ("Union"), and Caliber Home Loans ("Caliber") seeking rescission of a loan agreement with respect to plaintiffs' home in Staten Island, New York. (*See generally* Compl. (Doc. No. 1).)

On January 27, 2016, the magistrate judge assigned to this case, the Honorable Vera M. Scanlon, scheduled an initial conference for March 4, 2016, and directed plaintiffs' counsel to serve a copy of the scheduling order on Wells Fargo, Union, and Caliber, and to file an affidavit of service by February 8, 2016. (*See* 1/27/2016 Scheduling Order (Doc. No. 5).) Plaintiffs failed to comply. On February 18, 2016, plaintiffs were again ordered to so do and warned that their failure to do so "may result in sanctions." (*See* 2/18/2016 Status Report Order.) Despite Judge Scanlon's directive, plaintiffs failed to communicate with the Court in any manner.

Accordingly, Judge Scanlon issued an order directing plaintiffs to "show cause in writing as to why the Court should not recommend to the District Judge that this action be dismissed for

want of prosecution as Plaintiff[s] ha[ve] taken no action" since the initial filing of this lawsuit. (*See* 3/1/2016 Order to Show Cause.) Plaintiffs failed to respond to the Order. On September 29, 2016, Judge Scanlon issued a second such order to show cause. (*See* 9/29/2016 Order to Show Cause.) Again, plaintiffs failed to respond. On October 7, 2016, Judge Scanlon issued a Report and Recommendation ("R&R") recommending that the action be dismissed for failure to prosecute. (R&R (Doc. No. 6).) Judge Scanlon reminded the parties that, pursuant to 28 U.S.C. § 636(b), any objections to the R&R had to be filed by October 24, 2016. That deadline passed, and no party filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure ("Rule") 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

As Judge Scanlon correctly noted, Rule 41(b) governs the dismissal of an action for failure to prosecute, providing that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) also "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Storey v. O'Brien*, 482 Fed. App'x 647, 648 (2d Cir. 2012). Dismissals pursuant to Rule 41 are within the discretion of the Court. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

In considering whether dismissal is proper, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by

further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Davis v. Town of Hempstead*, 597 Fed. App'x 31, 32 (2d Cir. 2015); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Generally, no one factor is dispositive. *Id.* at 216.

Here, the requisite factors, on balance, support Judge Scanlon's recommendation. Despite having filed this action more than one year ago, plaintiffs have taken no action to move the case forward. To date, plaintiffs have not filed affidavits of service confirming that any of the defendants have been served, notwithstanding their obligations under the Federal Rules and in violation of several orders issued by this Court to so do. Indeed, plaintiffs have failed to communicate with the Court in any way. Judge Scanlon warned plaintiffs on two separate occasions that their failure to take action could result in dismissal. Plaintiffs failed to respond and have neglected this action from its inception. For these reasons, the balance of factors weigh decisively in favor of dismissal.

## CONCLUSION

Accordingly, it is hereby ordered that this case is dismissed with prejudice for failure to prosecute. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: Brooklyn, New York
       March 8, 2017

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

3